**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: STAKE CENTER LOCATING, INC., Crime Victim.

No. 13-72062

D.C. No.
2:13-cr-00089-JCM-GWF-1

STAKE CENTER LOCATING, INC.,
*Petitioner*,

v.

OPINION

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, LAS VEGAS,
*Respondent*,

DEBORAH A. DIFRANCESCO,
*Defendant-
Real Party in Interest*,

UNITED STATES OF AMERICA,
*Plaintiff-
Real Party in Interest*.

Petition for Writ of Mandamus to the
United States District Court
for the District of Nevada

Submitted June 17, 2013[*]

Filed June 19, 2013

Before:  Michael Daly Hawkins, Ronald M. Gould,
and Paul J. Watford, Circuit Judges.

Per Curiam Opinion;
Concurrence by Judge Hawkins

---

## SUMMARY[**]

---

### Criminal Law

The panel denied as premature a petition pursuant to the Crime Victims Rights Act for a writ of mandamus challenging the district court's denial of a crime victim's request for forfeiture of certain assets implicated in the defendant's criminal activities.

The panel held that because the defendant's sentencing is still pending, the petitioner's request for restitution is not yet ripe.

Concurring, Judge Hawkins would go further and deny the petition on the merits.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kenneth P. Childs, Stake Center Locating, Inc., Salt Lake City, Utah, for Petitioner.

Elizabeth Olson White, Appellate Chief and Assistant United States Attorney, District of Nevada, Reno, Nevada, for Real Party in Interest United States of America.

Mark B. Bailus, Bailus Cook & Kelesis, Ltd., Las Vegas, Nevada, for Real Party in Interest Deborah DiFrancesco.

**OPINION**

PER CURIAM:

Petitioner Stake Center Locating, Inc., a victim of defendant Deborah DiFrancesco's ("DiFrancesco") crimes, petitions for a writ of mandamus pursuant to 18 U.S.C. § 3771, the Crime Victims Rights Act ("CVRA"). Because we find that the petition for a writ of mandamus is premature, we deny the petition.

DiFrancesco was charged with one count of income tax evasion in violation of 26 U.S.C. § 7201 and three counts of wire fraud in violation of 18 U.S.C. § 1343. On May 29, 2013, pursuant to a plea agreement, DiFrancesco pled guilty to all charges. In her plea agreement, DiFrancesco agreed to pay petitioner restitution in the amount of $763,846.34. DiFrancesco's sentencing hearing is scheduled for September 4, 2013.

Prior to DiFrancesco's May 29, 2013 plea hearing, petitioner filed a motion in the district court for relief pursuant to the CVRA and the Mandatory Victim Restitution Act ("MVRA"). In addition to requesting that the district court reject the plea agreement, petitioner requested mandatory forfeiture of certain assets implicated in DiFrancesco's criminal activities, which are no longer in DiFrancesco's possession. The district court denied petitioner's motion without prejudice. Petitioner challenges this denial.

In reviewing CVRA mandamus petitions, we are not required to balance the factors outlined in *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). Rather, this court "must issue the writ whenever we find that the district court's order reflects an abuse of discretion or legal error." *See Kenna v. United States Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006).

Petitioner's request for restitution is not yet ripe. Victims are provided a right to "full and timely restitution as provided in law" pursuant to the CVRA. 18 U.S.C. § 3771(a)(6). The MVRA provides for restitution "when sentencing a defendant." 18 U.S.C. § 3663A(a)(1); *see also* § 3663A(c)(1) ("This section shall apply in all sentencing proceedings. . . ."). The right to "full and timely restitution" attaches at the defendant's sentencing hearing, where the district court may order restitution after considering the presentence report and other documentation or testimony. *See* 18 U.S.C. § 3664. Because DiFrancesco's sentencing is still pending, petitioner is not currently entitled to restitution. Moreover, the district court has invited petitioner to renew its request for restitution in connection with DiFrancesco's sentencing hearing. *See* May 29, 2013 Transcript at 24.

Because petitioner's claim is unripe, we decline to consider the merits of petitioner's claims to restitution. Accordingly, the petition for a writ of mandamus is denied.

**DENIED.**

HAWKINS, Circuit Judge, concurring:

While I agree it is appropriate to refuse mandamus relief on prematurity grounds, I would go further and deny the petition on the merits. Regardless of whether Petitioner is entitled to restitution from the defendant in this case, the relief it seeks here—an order directing the U.S. Attorney to seize assets and a criminal forfeiture against the I.R.S.—pertains only to third parties. Among a number of flaws in the petition, the authorities Petitioner relies upon, quite logically, apply only to restitution or forfeiture from criminal defendants. *See* 18 U.S.C. § 3663A(b) ("[t]he court shall order . . . that the *defendant* make restitution to the victim of the offense") (emphasis added); Fed. R. Crim. P. 32.2(a) (requiring that the government provide "notice to the *defendant*" in the indictment or information that it will seek the forfeiture of property) (emphasis added). Absent authority to order the seizure of assets from, or criminal forfeiture against, third parties, this court simply cannot grant the relief Petitioner seeks.